# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: F.G.

No. 16-1088 (Preston County 15-JA-52)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.G., by counsel Justin Gregory, appeals the Circuit Court of Preston County's October 18, 2016, order terminating his parental rights to four-year-old F.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Megan M. Allender, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based solely on his incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against the child's mother alleging that she failed to protect the child from a known child abuser, and that she voluntarily relinquished her parental rights to three older children, and that she had her parental rights to another older child involuntarily terminated. The DHHR alleged that petitioner failed to provide the child with proper supervision and emotional and financial support due to his incarceration.[2] Thereafter, petitioner stipulated to the conditions of abuse and neglect as alleged in the petition.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In 2013, petitioner pled guilty to one count of breaking and entering, one count of possession of a firearm by a prohibited carrier, one count of obstructing a police officer, and two counts of burglary. Thereafter, the circuit court sentenced petitioner to a cumulative term of incarceration of three to forty years.

1

In October of 2016, the circuit court held a dispositional hearing during which it heard testimony from several witnesses. The circuit court also heard testimony concerning the nature of petitioner's criminal charges, the length of his incarceration, and his parole eligibility. The circuit court also heard testimony: (1) that petitioner has not seen his child since 2014, (2) that he voluntarily relinquished his parental rights to three older children, (3) that the child is of tender years, and that the child has special medical needs. At the conclusion of that hearing, the circuit court found that there was no likelihood that petitioner could correct the conditions of abuse and neglect in the near future. The circuit court further found that termination of petitioner's rights was in the child's best interests. Based on those findings, the circuit court terminated petitioner's parental rights to the child.[3] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the child based solely on his incarceration. This Court has explained that incarceration may form the basis for a termination of parental rights. *In re Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880. In *Cecil T.*, we explained that

---

[3]The parental rights of both parents of the child were terminated below. The child's mother did not appeal the termination of her parental rights. According to the DHHR, as of the filing of their response brief, the child was placed in a foster home with a permanency plan of adoption by the foster family.

When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875. We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Further, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights.").

Here, the circuit court heard testimony that petitioner voluntarily relinquished his parental rights to three older children. While petitioner now claims that his incarceration alone could not result in the termination of his parental rights, it is clear that the circuit court based its ruling on additional factors. In this case, prior to his termination, petitioner had no contact with the child since the summer of 2014. As to the nature of his offenses, the circuit court heard testimony regarding petitioner's charges which included multiple felonies: one count of breaking and entering; one count of possession of a firearm by a prohibited person; and two counts of burglary. As to the terms of petitioner's incarceration, the circuit court heard evidence that petitioner was sentenced to a term of incarceration of three to forty years. Notably, at the time of the dispositional hearing, petitioner had no scheduled date of release and no guarantee of release on parole. The circuit court also considered the child's young age and special medical needs. Therefore, the child required stability and permanency. Given the circumstances presented, there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. As such, we find no error in the circuit court's termination of petitioner's parental rights herein.

For the foregoing reasons, we hereby affirm the circuit court's October 18, 2016, order.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker